UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 15-cv-6977 (NGG) (RER)
———————————

TAMARA NIKOLAEVA,

Plaintiff,

VERSUS

HOME ATTENDANT SERVICES OF HYDE PARK,

Defendant.

———————————

REPORT & RECOMMENDATION

July 19, 2017
———————————

**To The Honorable Nicholas G. Garaufis,
Senior United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

On December 8, 2015 Tamara Nikolaeva ("Nikolaeva") commenced this action against Home Attendant Services of Hyde Park ("Defendant") for unpaid overtime, pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et. seq.*, and New York Labor Law ("NYLL"), NYLL § 651. (Dkt. No. 1 (Complaint ("Compl.")) ¶¶ 17, 30). Nikolaeva further alleges that Defendant violated New York's Wage Theft Prevention Act ("WTPA"), NYLL § 195(1)(a), by failing to provide her with required annual notices. (Compl. ¶ 22, 23). Defendant failed to answer or otherwise respond, resulting in entry of default on January 19, 2017. (Dkt. No. 11). Nikolaeva then filed this motion for default judgment pursuant to Fed. R. Civ. P. 55. (Dkt. No. 12).

Your Honor has referred the motion to me for a report and recommendation. (Docket Entry Dated Apr. 14, 2017). For the reasons stated herein, I respectfully recommend that Nikolaeva's motion be granted and default judgment be entered against Defendant in the amount of $44,860 - representing $22,000 in unpaid overtime compensation and $17,860 in liquidated damages; $5,000 in statutory damages - plus pre and post-judgment interest.

1

# BACKGROUND

Accepting all well plead factual allegations in the Complaint as admitted, as required under Rule 55, the facts of this case are as follows:

Defendant is a New York corporation that provides its clients with health aide services. (Compl. ¶ 4). Nikolaeva was employed by Defendant as a home health aide from December 2003 until March 2015. *Id*. at ¶ 5. During the course of her employment, Nikolaeva provided a variety of home health care services to her patient. *Id.* at ¶ 15. In addition to traditional health aide functions she also assisted with "laundry, shopping, cleaning the apartment, cooking, feeding and bathing the patient," activities that took up more than twenty percent of her work day. *Id*.

Nikolaeva worked an average of fifty six hours per week at a rate of $10 per hour. *Id*. at ¶¶ 14, 16). She received no overtime pay. *Id*. at ¶ 17. At no point did Defendant provide Nikolaeva with annual wage notices. *Id*. at ¶ 23.

# DISCUSSION

Rule 55 provides a two-step process for obtaining a default judgment. Fed. R. Civ. P. 55; *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, when a party against whom affirmative relief is sought fails to plead or otherwise defend the allegations against them, the plaintiff may request entry of default. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011) (citing Fed. R. Civ. P. 55(a)). Once an entry of default is obtained, the plaintiff "must apply to the court a default judgment" Fed. R. Civ. P. 55(b); *see also Green*, 420 F.3d at 104.

## I. Liability

When assessing liability following party's default, the court accepts all factual allegations in the complaint as admitted, but need not credit the plaintiff's legal conclusions. *Priestley* 647 F.3d at 504. Rather, it is the court's "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *RollsRoyce PLC v. Rolls-Royce USA, Inc.,* 688 F.Supp.2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

Nikolaeva alleges that Defendant violated the FLSA and NYLL by refusing to pay her overtime wages. (Compt.). While the FLSA and NYLL differ in certain respects, liability under both statutes is nearly identical. *Herrera v. Tri-State Kitchen and Bath, Inc.*, No. 14-CV-1695 (ARR)(MDG), 2015 WL 1529653 at *4 (E.D.N.Y. Mar. 41, 2015) In overtime wage cases, both statutes require the plaintiff to establish: (1) that they were an employee eligible for overtime, (2) employed by an employer as difined by the FLSA and NYLL, and (3) that they were inadequately compensated. *Espinoza v. Indus. Glass & Mirror Inc.,*, No. 16-CV-0064 (ARR)(RER), 2016 WL 7650592, at *2 (E.D.N.Y. Nov. 30, 2016) (*report and recommendation adopted* 2017 WL 65828 (E.D.N.Y. Jan. 5, 2017)).

### 1. Nikolaeva was an Employee

Under the FLSA, an employee is broadly defined as "any individual employed by an employer[.]" 29 U.S.C. § 203(e); NYLL § 190. Within this broad category, certain employees are deemed exempt from coverage and therefore not entitled to overtime pay. 29 U.S.C. § 213.

2

One such exemption, the companionship exemption, applies to "any employee employed…to provide companionship services to individuals who (because of age or infirmary) are unable to care for themselves." 29 U.S.C. § 213(15). Such services include "household work related to the care of the aged or infirm person [and] may also include the performance of general household work: *Provided, however*, that such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked." 29 C.F.R. § 552.6 (effective Sept. 8, 1995 to Jan. 1, 2015) (italics in original). NYLL's companionship exemption is even more difficult to satisfy, applying only to "sleep-in home attendants." 12 NYCRR § 142-2.14(c)(1)(ii).

Nikolaeva is an employee within the meaning of the FLSA and NYLL. While she was employed as a home health aide, she does not fall within the companionship exemption. Nikolaeva claims to have spent more than twenty percent of her time performing general household work, placing her outside the exemption. Additionally, exemption from the FLSA is an affirmative defense, which Defendant has failed to raise. *Harper v. Gov't Employees Ins. Co.,* 754 F. Supp. 2d 461, 463 (E.D.N.Y. 2010).

2. Defendant was an Employer

The FLSA applies to employers who are enterprises engaged in commerce. *Jacobs v. New York Foundling Hosp.*, 483 F.Supp.2d 251, 257 (E.D.N.Y. 2007) (quoting 29 U.S.C. § 207(a)(1)). This requires the business to have "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1). Additionally, there must be some connection to interstate commerce. 29 U.S.C. §§ 203, 207. NYLL contains no such interstate requirement. NYLL § 651(6); *see also Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 84-85 (E.D.N.Y. 2012) ("Unlike the FLSA, New York law does not require the plaintiffs to show a nexus with interstate commerce[.]").

A local business will still "fall within the reach of the FLSA when [it] employes workers who handle goods or materials that have moved or bgeen produced in interstate commerce." *Chang Mei Lin v. Yeh's Bakery, Inc.*, No. 12-CV-2146 (JMA), 2013 WL 867436, at *3 (E.D.N.Y. Mar. 7, 2013) (internal quotations omitted). Courts have inferred that supplies used by cleaning services where purchased in interstate commerce. *Rodriguez v. Almighty Cleaning, Inc.,* 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011).

According to Nikolaeva, Defendant had annual sales in excess of $500,000. (Compl. ¶ 13). It is also logical to infer that Nikolaeva used supplies purchased in interstate commerce. Even if such an inference were not possible, the Complaint alleges that Defendant's employees participated in financial transactions that involved the interstate banking and finance systems *Id*. at ¶ 12.

3. Defendant Failed To Pay Required Overtime Wages

Under both the FLSA and NYLL, employers are required to pay employees overtime wages, equal to one and one-half times their base salary, for every hour worked in excess of forty hours in any given week. 29 U.S.C. § 207(a); NYLL § 651; 12 NYCRR § 142-2.2. A plaintiff must present sufficient detail as to the length and frequency of unpaid work to "support a reasonable inference that they worked more than 40 hours per week." *Kleitman v. MSCK Mayain Olam Habba Inc.,* No. 11-CV-2817 (SJ)(JMA), 2013 WL 4495671, at *4

3

(E.D.N.Y. Aug. 20, 2013). Nikolaeva has satisfied this requirement by asserting that Defendant paid her a flat salary of $10 per hour and that she worked an average of 56 hours per week. (Compl. ¶ 14, 16).

However, some of her claims are stymied by the applicable statutes of limitation. Willful violations of the FLSA are governed by a three year statute of limitations. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 129, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (citing 29 U.S.C. § 255(a)). A violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited[.]" *Id.* at 133. Under NYLL, the statute of limitations is six years regardless of willfulness. NYLL §§ 198(3).

Nikolaeva alleges that Defendant acted willfully. (Compl. ¶ 18) ("Defendant['s] systematic and ongoing failure to pay…overtime wages was not the result of a good faith mistake."). Hence, the three-year statute of limitations applies to the FLSA claims, and the six-year statute of limitations applies to the NYLL claims. Since Nikolaeva filed her Complaint on December 8, 2015, (Dkt. No. 1), she is entitled to recover damages for FLSA violations beginning on December 8, 2012, and for NYLL violations beginning on December 8, 2009.

## II. Damages

Unlike liability, damages must have an evidentiary basis such that they can be "ascertained with reasonable certainty." *Cement and Concrete Workers Dist. Council Welfare Fund v. Metro foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). When a defendant defaults, they deprive the plaintiff "of the necessary employee records required by the FLSA, thus hampering plaintiff's ability to prove his damages." *Santillan v. Henao*, 822 F. Supp.2d 284, 293–94 (E.D.N.Y. 2011). In such situations, a plaintiff's sworn declarations "containing information as to hours worked and rates of pay based on estimation and recollection," even if the information provided is general and not detailed, is considered a sufficient basis for the determination of damages in this context. *Id.* at 293; *See Herrera,* 2015 WL 1529653, at *8 (finding inquest hearing unnecessary where plaintiffs submitted sworn statements regarding their pay rates and hours worked).

Nikolaeva has submitted an affidavit in her own name as, (Dkt. No. 12 ("Pl. Aff.") and an affidavit by her attorney containing a damages table which she has approved (Dkt. No. 14 ("Dmgs Aff."). This is provides a sufficient basis for the calculation of damages.

### 1. Unpaid Overtime Wages

Under FLSA and NYLL, overtime compensation is one and one-half the regular rate for each hour worked over 40 hours in any given workweek. 29 U.S.C. § 207(a)(1); 12 NYCRR § 142-2.2.

Here, the affidavits attest to Nikolaeva's years of employment, hours worked per week and base rate of pay. (Pl. Aff.; Dmgs Aff.). Nikolaeva's regular rate of pay was $10 per hour. (Pl. Aff. ¶ 7; Dmgs Aff. at 3). Accordingly, under both the FLSA and NYLL, Nikolaeva's overtime rate was $15 per hour. 29 U.S.C. § 207(a)(1); 12 NYCRR § 142-2.2. Nikolaeva worked 16 hours of overtime per week; therefore, she is entitled to an extra $80 per week ($15 overtime rate of pay x 16 hours of overtime per week). *Id*. Since, the statute of limitations only allows Nikolaeva to recover unpaid compensation starting on December 8, 2009,

4

she is entitled to 275 weeks of overtime compensation.[1] (Pl. Aff. ¶ 3; Dmgs. Aff. at 3); 29 U.S.C.A. § 255; NYLL §§ 198(3), 663(3). Defendant thus owes Nikolaeva a total of $22,000 ($80 x 275 weeks) in overtime compensation.

2. Liquidated Damages

Nikolaeva requests liquidated damages for her overtime claims under the FLSA and NYLL. (Compl. ¶ 19, 24, 32).

Under the FLSA and NYLL, liquidated damages are to be awarded unless the defendant can prove that their failure to comply with the statutes' provisions was done in good faith. 29 U.S.C. § 260; N.Y. Lab. Law § 198(1-a); *see also Zubair v. EnTech Eng'g, P.C.,* 900 F.Supp.2d 355, 360 (S.D.N.Y. 2012). Here, the Complaint alleges that Defendant's failure to pay Nikolaeva overtime wages was not the result of a good faith mistake. (Compl. ¶ 18, 31).

The FLSA provides that an employer may be liable for liquidated damages "in an additional equal amount" to the amount owed for "unpaid minimum wages, or ... unpaid overtime compensation." 29 U.S.C. § 216(b). NYLL provided for 25% liquidated damages until April 9, 2011, when it was increased to 100% of the total unpaid overtime. NYLL § 198(1-a); *see also Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F.Supp.3d 19, 48 (E.D.N.Y. 2015). Nikolaeva cannot receive double liquidated damages by collecting under both statutes. *Espinoza*, 2016 WL 7650592, at *6; *see also Zhang v. Red Mountain Noodle House Inc.*, No. 15-CV-628 (SJ) (RER), 2016 WL 4124304, at *4 (E.D.N.Y. July 5, 2016); *Chuchuca v. Creative Customs Cabinets Inc.*, No. 13-CV-2506 (RLM), 2014 WL 6674583, at *16 (E.D.N.Y. Nov. 25, 2014; *Fermin*, 93 F.Supp.3d at 48.

Nikolaeva is entitled to 25% liquidated damages from December 8, 2009 through April 8, 2011, representing $1,380 (69 weeks x $80 unpaid overtime per week x 25%), and 100% liquidated damages from April 9, 2011 through March 31, 2015, representing $16,480 (206 weeks x $80 unpaid overtime per week x 100%). Therefore, Nikolaeva is entitled to a single liquidated damages award of $17,860 for her overtime claim.

3. Statutory Damages

Nikolaeva alleges that Defendants violated the WTPA by failing to provide her with a written wage notice at the time of her hiring or on an annual basis. (Compl. ¶¶ 22-23).

As of April 9, 2011, when the WTPA became effective, employers are required to provide employees with written wage notices at the time of hiring and on an annual basis. NYLL § 195(1)(a) (2011)1; *see also Luna v. Gon Way Construction, Inc.*, No. 16 Civ. 1411 (ARR)(VMS), 2017 WL 835321, at *12-13 (E.D.N.Y. Feb. 14, 2017) (report and recommendation not yet adopted). Violation of the WTPA entitles employees to an award of statutory damages. *Luna*, 2017 WL 835321, at *12-13.

The WTPA does not apply retroactively, *Leevson v. Aqualife USA, Inc.*,

---

[1] Plaintiff's affidavit states Nikolaeva's end of employment date as January 5, 2015, while the same document accounts for 16 weeks of work in 2015. However, Plaintiff's Motion for Default Judgment sets Nikolaeva's end of employment date as March 31, 2015 which aligns with 12 weeks of work. While there is this discrepancy amongst Plaintiff's declarations I believe there is enough information to support the March 31, 2015 end date and 12 weeks of work in 2015.

5

183 F.Supp.3d 397, 408 (E.D.N.Y. 2016), and employees hired before the law became effective in 2011 are not entitled to a written wage notice at the time of hiring. *Zhi Yong Zheng v. Nanatori Japanese Restaurant Corp.*, No. 15 CV 1222 (RJD)(RML), 2017 WL 758489, at *5 (E.D.N.Y. Jan. 9, 2017) (report and recommendation not yet adopted) ("Because plaintiff was hired prior to the date that [the WTPA] became effective he was entitled to receive such a notice at the time of hiring") (internal quotations omitted). Nikolaeva was hired in 2003, long before the WTPA became effective. (Compl. ¶ 5). As such, she is not entitled to statutory damages related to Defendant's failure to provide a written wage notice at the time of her hiring.

Her period of employment, however, extended beyond the WTPA's effective date into a period in which New York law required employers to provide annual wage notices. (Compl. ¶ 5). While other districts have declined to award damages in similar situations, *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 500–01 (S.D.N.Y. 2015), courts in this district have regularly awarded statutory damages. *Saucedo v. On the Spot Audio Corp.*, No. 16 CV 00451 (CBA)(CLP), 2016 WL 8376837, at *14 (E.D.N.Y. Dec. 21, 2016) (report and recommendation adopted 2017 WL 780799); *see also Zhi Yong Zheng*, 2017 WL 758489, at *5; *Montellano-Espana v. Cooking Light Inc.*, No. 14 CV 01433 (SJ) (RLM), 2016 WL 4147143, at *7, (E.D.N.Y. Aug. 4, 2016).

Originally the WFPA capped statutory damages at $2,500, NYLL § 198(1-b) (2011); *see also Montellano-Espana*, 2016 WL 4147143, at *7, but this limit was increased to $5,000 as of February 27, 2015. NYLL § 198(1-b) (2015). Nikolaeva was employed until March, 31 2015. (Pl. Aff. ¶ 7). As such, she is entitled to the maximum $5,000 in statutory damages.

4. Pre-Judgment Interest

Nikolavea has requested an award of pre-judgment interest. (Compl. at 5). The FLSA does not allow for pre-judgment interest to be awarded in addition to liquidated damages. *Valdez v. H & S Rest. Operations, Inc.*, No. 14-CV-4701 (SLT)(MDG), 2016 WL 3079028, at *6 (E.D.N.Y. Mar. 29, 2016) *adopted* 2016 WL 3087053. However, Nikolaeva may recover both liquidated damages and pre-judgment interest under NYLL. NYLL § 198 (1)(a); *see also Fermin*, 93 F. Supp. at 48.

New York's pre-judgment interest rate is 9% per annum. N.Y. CPLR § 5004. Courts usually select the median date between when the action was filed and the earliest date on which the cause of action existed. *Gunawan*, 897 F.Supp.2d at 93. Nikolaeva commenced this action on December 8, 2015 and, due to the NYLL statute of limitations, the earliest date on which this cause of action existed was on December 8, 2009. Therefore, I recommend that Nikolaeva be entitled to pre-judgment interest on her claim of $44,860 at a rate of 9% per year beginning on December 8, 2012.

5. Post-Judgment Interest

Additionally, Nikolaeva is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a). Post judgment interest rates are calculated "from the date of the entry of judgment at [the federal] rate equal to the weekly average 1-year constant maturity Treasury yield…for the calendar week preceding the date of judgement." 28 U.S.C. § 1961(a). The Second Circuit has found that a post-judgment award, under § 1961, is "mandatory." *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004).

6

Accordingly, I respectfully recommend that Nikolaeva be awarded post-judgment interest on all sums awarded, commencing when the Clerk of the Court enters judgment until the date of payment.

6.  Cost and Fees

Under the FLSA and NYLL, a prevailing plaintiff is entitled to recover costs from the defendant. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). However, only those costs that are tied to "identifiable, out-of-pocket disbursements" are recoverable. *Moon v. Kwon,* 2002 WL 31512816, at *30–31 (S.D.N.Y. Nov. 8, 2002) (quoting *Kuzma v. IRS,* 821 F.2d 930, 933–34 (2d Cir.1987)). Nikolaeva has failed to provide any information related to out-of-pocket expenses related to this case and is therefore not entitled to recover costs from Defendant.

Additionally, while the NYLL allows compensation for attorney's fees, Nikolaeva's attorney has failed to provide a calculation of such fees; therefore, the Court is presently unable to award such damages. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates").

**CONCLUSION**

Based on the foregoing, I respectfully recommend that: (1) the Court grant Plaintiff's motion for a default judgment and (2) award Plaintiff damages in the amount of $44,860, including $22,000 in unpaid overtime compensation; $17,860 in liquidated damages; $5,000 in statutory damages, plus pre- and post-judgment interest.

Nikolaeva is hereby directed to serve copies of this Report and Recommendation upon Defendant by regular and certified mail and to file proof of service with the Clerk of the Court by July 24, 2017. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Nicholas G. Garaufis, within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: July 19, 2017
      Brooklyn, NY

7