O/F

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 14 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

TAMARA NIKOLAEVA,

                Plaintiff,

    -against-

HOME ATTENDANT SERVICES OF HYDE
PARK,

                Defendant.
---------------------------------------------------------------------X

ORDER

15-CV-6977 (NGG) (RER)

NICHOLAS G. GARAUFIS, United States District Judge.

    On December 8, 2015, Plaintiff Tamara Nikolaeva commenced this action against her former employer, Defendant Home Attendant Services of Hyde Park, pursuant to the Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL"). (Compl. (Dkt. 1).) Defendant has not appeared in this action and has failed to answer or otherwise respond to the Complaint. On January 19, 2017, the Clerk of Court entered default against Defendant. (Entry of Default (Dkt. 11).) On April 13, 2017, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55 for a default judgment against Defendant (the "Motion"). (Mot. for Default J. ("Mot.") (Dkt. 12).) The court referred the Motion to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 13, 2017, Order.)

    On July 19, 2017, Judge Reyes issued an R&R recommending that the court grant Plaintiff's Motion and that "default judgment be entered against Defendant in the amount of "$44,860—representing $22,000 in unpaid overtime compensation[,] [] $17,860 in liquidated damages[,] [and] $5,000 in statutory damages—plus pre and post-judgment interest." (R&R (Dkt. 15) at 1.) The R&R recommended that pre-judgment interest be awarded at a rate of nine

1

percent (9%) per year. (Id. at 6.) The R&R also recommended that the court decline to award Plaintiff costs and fees, as Plaintiff has failed to provide (1) "any information related to out-of-pocket expenses related to this case" or (2) a calculation of attorney's fees. (Id. at 7.)

No party has objected to the R&R and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Therefore, the court therefore reviews the R&R for clear error. See Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (internal quotation marks and citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). Finding no clear error, the court ADOPTS IN FULL the R&R (Dkt. 15). Plaintiff's Motion (Dkt. 12) is GRANTED. The court AWARDS Plaintiff damages in the amount of $44,860—representing $22,000 in unpaid overtime compensation, $17,860 in liquidated damages, and $5,000 in statutory damages—plus pre-judgment interest at the rate of nine percent (9%) per annum and post-judgment interest. The Clerk of Court is respectfully DIRECTED to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 11, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge