FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 09 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TAMARA NIKOLAEVA,

                        Plaintiff,

      -against-

HOME ATTENDANT SERVICES OF HYDE PARK,

                    Defendant.
------------------------------------------------------------------X

**ORDER**

**15-CV-6977 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

On December 8, 2015, Plaintiff Tamara Nikolaeva commenced this action against her former employer, Defendant Home Attendant Services of Hyde Park, pursuant to the Fair Labor, Standards Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law, N.Y. Lab. Law § 190 *et seq.* (Compl. (Dkt. 1).) Defendant failed to answer or otherwise respond to the Complaint, resulting in an entry of default on January 19, 2017. (Clerk's Entry of Default (Dkt. 11).) Plaintiff moved for default judgment on April 13, 2017. (Mot. for Default J. (Dkt. 12).) The court referred the motion to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R"), and on July 19, 2017, Judge Reyes issued an R&R recommending that the court grant Plaintiff's motion for a default judgment against Defendant (the "July R&R"). (Apr. 13, 2017, Order Referring Mot.; July R&R (Dkt. 15).) On August 14, 2017, the court adopted the July R&R, granted Plaintiff's motion for default judgment, and awarded Plaintiff $67,757.03 in damages plus post-judgment interest. (Aug. 14, 2017, Order (Dkt. 17); see Clerk's J. (Dkt 18).)

On November 21, 2017, counsel for Defendant filed a notice of appearance and moved to stay enforcement of the judgment pending Defendant's anticipated motion to set aside the default judgment. (Notice of Appearance (Dkt. 21); Mot. to Stay (Dkt. 22).) The court granted

Defendant's application for a stay. (Order (Dkt. 25).) At a pre-motion conference on February 23, 2018, the court granted Defendant leave to move to vacate the default judgment. (Feb. 23, 2018, Min. Entry.) Defendant's motion to set aside the default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) (the "Motion") was fully briefed on May 11, 2018. (Mot. to Set Aside J. ("Mot.") (Dkt. 31).) The court referred the Motion to Judge Reyes for an R&R. (May 29, 2018, Order Referring Mot.)

On November 16, 2018, Judge Reyes issued an R&R recommending that the court grant the Motion and require Defendant to pay Plaintiff $2,100 in attorney's fees "to offset the cost of obtaining the default judgment" (the "November R&R"). (Nov. R&R (Dkt. 34) at 7.) No party has objected to the November R&R and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). The court therefore reviews the November R&R for clear error. See Wider v. Colvin, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."); see also Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (alteration in original) (citation and quotation marks omitted)).

Finding no clear error in the November R&R, the court ADOPTS IN FULL the November R&R (Dkt. 34). Defendant's motion to set aside the default judgment (Dkt. 31) is GRANTED. The court AWARDS Plaintiff $2,100 in attorney's fees.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
January 8, 2019

NICHOLAS G. GARAUFIS
United States District Judge